# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | **CASE NO. 16-08311 (MCF)** |
| **OLIVER C & I CORP.** | **CHAPTER 11** |
| Debtor | |
| **OLIVER C & I CORP.** | |
| Plaintiff | **ADVERSARY CASE No. 17-00166 (MCF)** |
| V. | |
| **CAROLINA DEVELOPERS ASSOCIATES S. EN C. POR A., S.E., ET ALS.** | |
| Defendants | |

## OPINION AND ORDER

This proceeding involves a chapter 11 bankruptcy debtor and its general partners in more than a decade-long quarrel regarding the debtor's economic rights to yearly distributions from several partnerships. Subsequent to its bankruptcy filing, debtor filed the present adversary proceeding to resolve the many disputes that were never addressed in any previous legal action. Its general partners moved to dismiss for lack of subject-matter jurisdiction. For the reasons that follow, the court lacks jurisdiction and therefore the case is dismissed. Alternatively, even if this court has jurisdiction, it will abstain in deference to local law.

### Procedural history and factual background

Debtor, Oliver C & I Corp. ("Debtor") filed its chapter 11 petition in October 2016. At a status conference held on January 11, 2017, Debtor informed the court of its dispute with the partners since 2006 regarding pecuniary rights in a civil-law partnership. It described the dispute

-1-

as an event that led to its bankruptcy filing. Debtor described the Puerto Rico Department of Treasury's foreclosure of accounts as the reason for filing (Docket No. 29). The deadline for filing proofs of claim was set for April 17, 2017. The Puerto Rico Department of Treasury and the Department of Labor filed claims for $317,049.16 and $37.18, respectively (See Proofs of Claim No. 1 & No. 2, Claims Register). Additionally, Debtor listed an unsecured liquidated debt to Memorial Capital Partners, LLC, an alleged insider, for $238,903.49. By the claims-filing bar date, Debtor had a total of $555,989.83 in undisputed and liquidated debts and a total of $29,947,824.99 in assets.

Several months later, Debtor filed its Disclosure Statement, Plan of Reorganization in the lead case (Docket Nos. 77 & 78, Case No. 16-08311) and the complaint in this adversary proceeding (Docket No. 1, Case No. 17-00166). Debtor proposes to pay 100% to its creditors under the plan (Docket Nos. 77 & 78, Case No. 16-08311). Funding for the plan will be provided through its accounts receivables (Docket No. 77, at 76, Case No. 16-08311).

Through this action, Debtor intends to collect the monies allegedly owed to it by its partners since 2006. Debtor's partners, the civil-law partnerships themselves, and other third parties ("Defendants") are sued in this action.

The Defendants filed a motion to dismiss for lack of subject-matter jurisdiction (Docket No. 24). In it, they request that the court dismiss the proceeding on all counts based on this court's lack of jurisdiction to interpret the partnership agreements over which Debtor alleges a breach. In the alternative, they request that the court abstain from hearing Debtor's claims against them.

Jurisdiction

This court has no basis for asserting jurisdiction over this proceeding under 28 U.S.C. §§ 157(b)(2) and 1334.

-2-

Standard for motion to dismiss due to lack of subject matter jurisdiction

Rule 12(b)(1) of the Federal Rules of Civil Procedure, made applicable in bankruptcy proceedings pursuant to Fed. R. Bankr. P. 7012, permits a party to assert lack of subject matter jurisdiction as a defense by way of a motion to dismiss. Fed. R. Civ. P. 12(b)(1). "The part[y] asserting jurisdiction [has] the burden of demonstrating the existence of federal jurisdiction." Acosta–Ramirez v. Banco Popular de Puerto Rico, 712 F.3d 14, 20 (1st Cir. 2013).

The standard of review for a 12(b)(1) motion to dismiss turns on whether the defendant has made a "facial" or "factual" jurisdictional attack on the plaintiffs complaint. In re Dinastia, L.P., 381 B.R. 512, 518–19 (S.D. Tex. 2007). A defendant who makes a "facial" jurisdictional attack challenges the sufficiency of the allegations of jurisdiction. The court is merely required to assess the sufficiency of the allegations stated in the complaint alone. Id. When a "factual" jurisdictional attack has been made by a defendant, the plaintiff is required to submit facts in support of the court's jurisdiction and bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction. In a "factual" attack, defendant provides affidavits, testimony and other evidentiary materials challenging the court's jurisdiction. Id. See also Aversa v. United States, 99 F.3d 1200, 1209–10 (1st Cir. 1996)("In ruling on a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff. In addition, the court may consider whatever evidence has been submitted. . . .")(internal citations omitted). Thus, the court's inquiry is not limited to the parties' pleadings and may include whatever evidence has been presented in the case. Aversa, 99 F.3d at 1210.

Discussion

Debtor intends to collect monies from third parties through the various causes of action raised in the complaint. Its argument that the bankruptcy court has core jurisdiction for turnover actions is not persuasive because complaints to recover property of the estate do not automatically grant jurisdiction.[1] "It is settled law that the debtor cannot use the turnover provisions to liquidate contract disputes or otherwise demand assets whose title is in dispute." Hirsch v. London S.S. Owners' Mut. Life Ins. Ass'n Ltd. (In re Seatrain Lines, Inc.), 198 B.R. 45, 50 n. 7 (S.D.N.Y. 1996)(Sotomayor, J.)(quoting United States v. Inslaw, Inc., 932 F.2d 1467, 1472 (D.C. Cir. 1991)). See also In re Madison Williams & Co., LLC., 509 B.R. 791, 799 (Bankr. S.D.N.Y. 2014)(". . .[Section] 542(b) cannot be used to recover a disputed pre-petition debt."); In re Teligent, Inc., 325 B.R. 134, 137 (Bankr. S.D.N.Y. 2005); Calka v. Chuu, 2003 WL 1344878, at *1 (S.D.N.Y. Mar. 19, 2003) (stating that "section 542(b) only applies to undisputed, liquidated claims").

Furthermore, the court's "related to" jurisdiction is unsustained by the facts in this case because the resolution of the complaint does not serve any bankruptcy purpose.[2] According to the Summary of Assets and Liabilities, Debtor has sufficient funds, e.g., $29,947,824.99, in personal property assets of which $3,031,629.49 is accounts receivable, to pay in full its claims. See Summary of Assets and Liabilities, item 1b; Schedule A/B, item 82, (Docket No. 1). Its creditor constituency is composed of three main creditors, namely the Puerto Rico Department of Treasury, Puerto Rico Department of Labor, and Memorial Capital Partners, LLC, an alleged

---

[1] A turnover proceeding under section 542(b) of the Bankruptcy Code is an action to compel an entity to turn over to the trustee a debt that is "property of the estate and that is matured, payable on demand, or payable on order." 11 U.S.C. § 542(b). A turnover proceeding qualifies as core only when its purpose is the "collection rather than the creation, recognition, or liquidation of a matured debt." In re National Enterprises Inc., 128 B.R. 956, 959 (E.D. Va. 1991); Acolyte Electric Corp. v. City of New York, 69 B.R. 155, 172 (Bankr. E.D.N.Y. 1986).

[2] Both the procedural history and factual background of the bankruptcy proceeding are pivotal in resolving the jurisdictional challenge raised by the Defendants. In view of the authority referenced above, the court may consider the Debtor's schedules, the claims register, and proposed reorganization plan alluded to in Defendants' motion to dismiss and in Debtor's opposition thereto.

insider, for a total of $1,068,801.80 in liabilities.[3] See Summary of Assets and Liabilities, item 4, (Docket No. 1). It has no secured creditors. Id. Any potential recovery of assets through this action would only benefit the Debtor. The remoteness of this proceeding to Debtor's reorganization is further accentuated by its proposition to fund its five-year plan through its accounts receivables (Docket No. 77, Disclosure Statement, at 76-77). The creditors and the estate stand to gain no benefit from this litigation, which may be otherwise instated in local court.

Abstention

Even assuming the court did have jurisdiction on any of Debtor's causes of action, or that it be construed to have jurisdiction as urged by the Debtor, this court shall enter an order of abstention. Section 1334(c)(1) provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

Under the statute, three criteria exist for permissive abstention: "the interests of justice, comity and respect for State law. In re Middlesex Power Equip. & Marine, Inc., 292 F.3d 61, 69 (1st Cir. 2002). Additional factors include "'the extent to which state law issues predominate over bankruptcy issues;' 'the presence of a related proceeding commenced in state court or other nonbankruptcy court;' and 'the likelihood that the commencement of the proceeding in

---

[3] The court used the stated amount of liabilities in Debtor's schedules, which is higher than the amount reflected in the proposed plan. In re Dorado, 2016 WL 6809068, at *4 (Bankr. D.P.R. Nov. 17, 2016)(citing In re Plourde, 418 B.R. 495, 505 (B.A.P. 1st Cir. 2009)(Bankruptcy schedules are executed under penalty of perjury and may be treated as judicial admissions). Debtor proposes to pay a lesser amount through the plan to government claims (($365,281) (Docket No. 77, at 76)) than it reflects in its schedules (($829,892.31) (Docket No. 1)).

bankruptcy court involves forum shopping by one of the parties.'" Id., at 69 (citing Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.), 912 F.2d 1162, 1166–67 (9th Cir. 1990).

Debtor's complaint raises the interpretation of civil-law partnership agreements, which involves issues of local law. Thus, this court concludes that abstention is warranted. Debtor has had a local forum in which to assert its breach of partnership-contract claims since 2006, something it has been free to do for the last decade and chose not to pursue. At this juncture, filing the complaint seems to be federal forum shopping. In view of the fact that Debtor may administer its estate and pay all creditors' claims without need of this litigation, this court finds that there is no bankruptcy purpose to this litigation. Accommodating to Debtor's forum preference for the resolution of this litigation is not relevant to Debtor's reorganization. The automatic stay does not prevent Debtor from asserting its alleged claims against Defendants in the appropriate forum.

### Conclusion

In view of the foregoing, the court shall enter an order dismissing the Debtor's complaint for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), and in the alternative, the court abstains from hearing this complaint, pursuant to 28 U.S.C. § 1334(c)(1). Dismissal is without prejudice to whatever rights the Debtor may have to resolve its partnership dispute in the appropriate forum.

IT IS SO ORDERED.

In San Juan Puerto Rico, this 1st day of November, 2017.

_____
MILDRED CABAN FLORES
U.S. Bankruptcy Judge

-6-