**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | **CASE NO. 16-08311 (MCF)** |
| **OLIVER C & I CORP.** | **CHAPTER 11** |
| Debtor | |
| **OLIVER C & I CORP.** | |
| Plaintiff | **ADVERSARY CASE No. 17-00166 (MCF)** |
| V. | |
| **CAROLINA DEVELOPERS ASSOCIATES S. EN C. POR A., S.E., ET ALS.** | |
| Defendants | |

**<u>OPINION AND ORDER</u>**

Plaintiff, Oliver C & I Corp. ("Debtor"), filed an amended complaint against its partners and other non-creditor third parties to claim partnership distributions as property of the estate. The Defendants filed a renewed motion to dismiss or abstain ("Second Motion to Dismiss"). In it, they request that the Court dismiss the amended complaint on all counts based on this court's lack of jurisdiction to interpret the partnership agreements over which the Debtor alleges a breach. The Defendants also move to dismiss certain counts based on their failure to state a claim for relief. Alternatively, they request that the Court abstain from hearing all counts in the amended complaint. For the reasons expressed below, the Court grants Defendants' dismissal motion in part and denies it in part.

<u>Procedural history and factual background</u>

The Debtor filed its chapter 11 petition in October 2016. Several months later, the Debtor filed its Disclosure Statement and Plan of Reorganization in the lead case (Docket Nos. 77 & 78, Case No. 16-08311), and commenced the instant adversary proceeding (Docket No. 1, Case No. 17-00166).

Upon review of the first motion to dismiss, the Court dismissed the complaint because it had no related-to jurisdiction over the Debtor's non-core claims and because litigation of these issues would be unnecessary for the estate's reorganization under the proposed plan (Docket No. 41). At the hearing held May 23, 2018, the Court reconsidered this ruling dismissing Plaintiff's complaint for lack of jurisdiction due to evidence the Debtor presented relating to the administration of government priority claims which surfaced after the Court's Opinion and Order (Docket No. 41), namely, Puerto Rico Department of Treasury's priority claim, as amended in Proof of Claim No 2-2. For this reason, the Court ruled that it would exercise core jurisdiction to identify property in which the estate has an interest, pursuant to 11 U.S.C. § 541.[1] The Court ordered the Debtor to, among other things, amend the complaint to identify core and non-core claims (Docket No. 75).

The Debtor filed an amended complaint in compliance with the Court's Order (Docket No. 104). Defendants filed a Second Motion to Dismiss (Docket No. 102). Plaintiff moved to strike Defendants' Second Motion to Dismiss (Docket No. 104).

---

[1] Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109–8, 119 Stat. 23, 11 U.S.C. § 101, <u>et seq</u>. All references to "Bankruptcy Rules" shall be to the Federal Rules of Bankruptcy Procedure.

## Positions of the parties

The Debtor's amended complaint has nine counts that it classified as either core or non-core proceedings. Counts 1 through 4 are collection of money actions that the Debtor claims against the partnerships for disputed partnership distributions. The Debtor identified these as non-core. Next, the Debtor raises two actions in count 5: (1) declaratory judgment to determine that the unpaid distributions are property of the estate ("count 5(a)"); and (2) declaratory judgment regarding the partners' violation of fiduciary duties ("count 5(b)"). Count 6 is an action to avoid as fraudulent certain transfers conducted by the partnerships. Count 7 is an action for turnover of property of the estate regarding the disputed unpaid distributions. The Debtor classified counts 5 through 7 as core matters. Count 8 is for attorneys' fees and costs (which the Debtor classified as a non-core matter). The Debtor added a ninth count to preserve a cause of action. This is not a cause of action.

The Defendants' Second Motion to Dismiss reiterates most of the original arguments raised in its first dismissal motion. The Defendants disagree as to the Debtor's designation of counts as core in the amended complaint because according to them all counts are non-core. They also take issue with count 5(b), a subpart contained in the fifth cause of action for a determination of fiduciary violations and liabilities under local law, and with the sixth cause of action for fraudulent transfers under 11 U.S.C. § 548 as well. Defendants move the Court to dismiss all causes of action, pursuant to Fed. R. Civ. P. 12(b)(1) & (b)(6). In the alternative, Defendants also requested abstention as to all counts in the amended complaint.

The Debtor moved to strike the Second Motion to Dismiss because the Defendants should have filed an answer to the amended complaint rather than have sought dismissal of the amended

complaint a second time. The Debtor seeks the imposition of attorney's fees and costs upon Defendants due to their alleged obstinacy in relitigating the jurisdictional issues.

<u>Standard for motion to dismiss under Fed. R. Civ. P. 12(b)(6)</u>

The Defendants moved to dismiss Count six of the amended complaint for failure to state a cause of action under Fed. R. Civ. P. 12(b)(6), made applicable in bankruptcy proceedings pursuant to Fed. R. Bankr. P. 7012.  "The trial court must accept all of the nonmovant's well-pleaded factual averments as true and draw all reasonable inferences in his favor" when considering a Rule 12(b)(6) motion. <u>Rivera–Gomez v. de Castro</u>, 843 F.2d 631, 635 (1st Cir.1998). "[T]o survive a Rule 12(b)(6) motion, a complaint must contain factual allegations that raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true[.]" <u>AIG Prop. Cas. Co. v. Green</u>, 217 F. Supp. 3d 415, 422 (D. Mass. 2016), <u>aff'd sub nom.</u> <u>AIG Prop. Cas. Co. v. Cosby</u>, 892 F.3d 25 (1st Cir. 2018). Only a complaint that states a plausible claim for relief can survive a motion to dismiss under Rule 12(b)(6). <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).

<u>Count Six</u>

Count six in the amended complaint is a non-core action to avoid as preferential a series of prepetition transfers that the Defendant partnerships or that the partners made to third parties. Section 548(a) states in pertinent part the following:

> (a)(1) The trustee may avoid **any transfer [. . .] of an interest of the debtor in property, or any obligation [. . .] incurred by the debtor**, that was made or incurred on or within 2 years before the date of the filing of the petition, **if the debtor voluntarily or involuntarily**--

> (A) **made such transfer or incurred such obligation** with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted;
>
> . . .

11 U.S.C. § 548(a) (Emphasis added).

Section 548 vests the power to avoid fraudulent transfers in the bankruptcy trustee because it begins by stating that "[t]he trustee may avoid [...]." 11 U.S.C. § 548(a)(1). In chapter 11, section 1107 expands the definition of "trustee" to include the debtor in possession, as in the case at hand. 11 U.S.C. § 1107. Transfers are central to section 548. The Bankruptcy Code defines a "transfer" occurring in any of the following situations: "[. . .](A) the creation of a lien; (B) the retention of title as a security interest; (C) the foreclosure of a debtor's equity of redemption; or (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with --(i) property; or (ii) an interest in property." 11 U.S.C. § 101(54). The Bankruptcy Code requires that the transaction not only conform to the definition of "transfer" found in section 101(54), but that it also be a transfer of an "interest of the debtor in property." 11 U.S.C. § 548(a)(1).

First, the Debtor's allegations in the amended complaint state that the "limited partners" and the "[p]artnerships" made the transfers of property, not the Debtor. (See Docket No. 104, at 30 ¶148-150). Second, the alleged transfers, as recited in the amended complaint, relate to property belonging to the partnerships and not to the Debtor itself. The Debtor factually recited that the transfers of property belonging to the partnership "were not of any benefit to [the Debtor], nor the limited partnerships. . ." Id. Based on the allegations in the amended complaint, the Debtor's creditors cannot recover property belonging to the partnerships or third parties because the

property would not have constituted a transfer of an interest in property of the Debtor. Considering all reasonable inferences in the Debtor's favor, the pleaded facts under count 6 lead to the same conclusion; the Defendant partnerships or partners caused the transfer of property belonging to the partnerships. Therefore, the facts pleaded in the amended complaint fail to state a claim for relief under 11 U.S.C. § 548. Consequently, the Second Motion to Dismiss is granted as to count 6, pursuant to Fed. R. Civ. P. 12(b)(6).

Standard for motion to dismiss under Fed. R. Civ. P. 12(b)(1)

Defendants moved to dismiss all counts for lack of subject matter jurisdiction, pursuant Rule 12(b)(1) of the Federal Rules of Civil Procedure, made applicable in bankruptcy proceedings pursuant to Fed. R. Bankr. P. 7012. This rule permits a party to assert lack of subject matter jurisdiction as a defense by way of a motion to dismiss. Fed. R. Civ. P. 12(b)(1). "The part[y] asserting jurisdiction [has] the burden of demonstrating the existence of federal jurisdiction." Acosta–Ramirez v. Banco Popular de Puerto Rico, 712 F.3d 14, 20 (1st Cir. 2013). The standard of review for a 12(b)(1) motion to dismiss turns on whether the defendant has made a "facial" or "factual" jurisdictional attack on the plaintiff's complaint. In re Dinastia, L.P., 381 B.R. 512, 518–19 (S.D. Tex. 2007). A defendant who makes a "facial" jurisdictional attack challenges the sufficiency of the allegations of jurisdiction. The court is merely required to assess the sufficiency of the allegations stated in the complaint alone. Id. When a "factual" jurisdictional attack has been made by a defendant, the plaintiff is required to submit facts in support of the court's jurisdiction and bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction. In a "factual" attack, a defendant provides affidavits, testimony and other evidentiary materials challenging the court's jurisdiction. Id.; See Aversa v. United States, 99 F.3d 1200, 1209–10 (1st Cir. 1996)("In ruling on a motion to dismiss for lack of

subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff. In addition, the court may consider whatever evidence has been submitted[.]")(internal citations omitted). See also Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 162-163 (1st Cir. 2007); In re Ohnmacht, 2017 WL 5125531, at 5 (Bankr. E.D.N.C. 2017); In re Vineyard Nat. Bancorp, 2013 WL 1867987, at 3 (Bankr. C.D. Cal. 2013); In re Wilkinson, WL 112945, at 4 (Bankr. W.D. Tex. 2012); In re Godfrey, 2010 WL 1997828, at 1 (Bankr. W.D. Tex. 2010); In re Atlanta Retail, Inc., 294 B.R. 186, 193 (Bankr. N.D. Ga. 2003).

Core vs. Non-core claims

The Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157(b)(2)(A) and 1334(e). Section 1334 of title 28 established two main categories of bankruptcy matters over which the districts courts have jurisdiction: "cases under title 11," 28 U.S.C. § 1334(a), and "proceedings arising under title 11, or arising in or related to cases under title 11," 28 U.S.C. § 1334(b). See also Gupta v. Quincy Med. Ctr., 858 F.3d 657, 662 (1st Cir. 2017). "[C]ases under title 11" refers only to the bankruptcy petition itself, and it is the umbrella under which all the proceedings that follow the filing of a bankruptcy petition take place. Middlesex Power Equip. & Marine, Inc. v. Town of Tyngsborough, Mass. (In re Middlesex Power Equip. & Marine, Inc.), 292 F.3d 61, 66 (1st Cir. 2002). In turn, 28 U.S.C. § 157 permits the district courts to refer to bankruptcy courts all "proceedings arising under title 11 or arising in or related to cases under title 11." 28 U.S.C. § 157.[2] "Arising in" proceedings may generally be defined as "those that are not based on

---

[2] Section 157(a) allows the district courts to refer or not refer cases and proceedings to the bankruptcy courts. In practice, however, "each district court has provided by rule for automatic reference to bankruptcy judges." Collier on Bankruptcy ¶ 3.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2016). Accordingly, the District of Puerto Rico, by standing order dated July 19, 1984, has delegated to the bankruptcy court all cases in which jurisdiction is premised on § 1334. See also D. P.R. Civ. R. 83K.

any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." Quincy Med. Ctr., 858 F. 662–63.

By contrast, "related to" proceedings are those "which 'potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate.'" Id. at 663; See also Celotex Corp. v. Edwards, 514 U.S. 300, 307-308 (1995).

Section 157 of title 28 divides bankruptcy proceedings into two further categories: "core" and "non-core." Stern v. Marshall, 564 U.S. 462, 473–76 (2011). These categories determine "[t]he manner in which a bankruptcy judge may act on a referred matter." Id. at 473. Proceedings "arising under title 11, or arising in a case under title 11," are both considered "core proceedings" in which the bankruptcy court may enter final orders and judgments. Id. at 474. (citing 28 U.S.C. § 157(b)). Proceedings merely "related to" a case under title 11 are considered "non-core" proceedings. Stern, 564 U.S. at 477 (citing Collier on Bankruptcy ¶ 3.02[2], p. 3–26, n.5 (16th ed. 2010) ("The terms 'non-core' and 'related' are synonymous.")). Although whether a bankruptcy proceeding is a core proceeding is analytically separate from whether there is jurisdiction, "by definition all core proceedings are within the bankruptcy court's jurisdiction." Gupta v. Quincy Med. Ctr., 858 F.3d 657, 662 (1st Cir. 2017)(citing Continental Nat'l Bank v. Sanchez (In re Toledo), 170 F.3d 1340, 1345 n.6 (11th Cir. 1999).

A bankruptcy court may adjudicate a claim to final judgment in two circumstances: in core proceedings and in non-core proceedings "with the consent of all the parties," 28 U.S.C. § 157(c)(2). As for "non-core" proceedings—i.e., proceedings that are "not ... core" but are "otherwise related to a case under title 11"—the statute authorizes a bankruptcy court to "hear [the] proceeding," and then "submit proposed findings of fact and conclusions of law to the district court." Exec. Benefits Ins. Agency v. Arkison, 573 U.S. 25, 34 (2014).

Count 5(a)

The crux in the Debtor's amended complaint is count 5(a) wherein the Debtor seeks to determine unpaid property distributions as property of the estate, pursuant to subsection § 541(a)(1). The estate includes all legal or equitable interests of the debtor in property, wherever located or by whomever held, as of the commencement of the case. 11 U.S.C. § 541. The section is construed broadly. United States v. Whiting Pools, Inc., 462 U.S. 198, 204-05 (1983). "Even though section 541 provides the framework for determining the scope of the debtor's estate and what property will be included in the estate, it does not provide any rules for determining whether the debtor has an interest in property in the first place. That gap is filled most of the time by nonbankruptcy law." Collier on Bankruptcy ¶ 541.03 (16th ed. 2010).

In the instant case, the Debtor must establish that under local law it has an interest in the allegedly unpaid partnership distributions. Debtor sufficiently alleged in its amended complaint that it seeks to recover these unpaid partnership distributions. Furthermore, the Debtor provided the factual allegations regarding the controlling partners' breach of the partnership contract and the specific facts that prevented Debtor from receiving distributions. Debtor's declaratory-judgment action seeks to establish the estate's interest in the unpaid distributions allegedly owed to it by the Defendant partnerships. Any recovery of these unpaid distributions will be used to fund the Debtor's reorganization plan in order to pay priority creditors. Therefore, the Court has core jurisdiction to identify and determine whether unpaid partnership distributions are property of the estate, pursuant to 11 U.S.C. § 541.

Count 5 contains another component, count 5(b), where the Debtor seeks to declare the Defendant partners' violation of fiduciary duties. As to this subpart, the Court will address it on the section on abstention.

Counts 1 through 4

Counts 1 through 4 are styled as collection of moneys actions against the Defendant partnerships. An action to collect monies owed arises from substantive local law. Under Puerto Rico law, for a collection of moneys action, the plaintiff must show that defendant has an outstanding obligation which is due, liquid and payable. Gen. Elec. v. Concessionaires, Inc., 18 P.R. Offic. Trans. 38, 52; 118 D.P.R. 32, 43 (1986). The Debtor may proceed with its collection of moneys actions against the partnerships should the distributions be determined property of the estate. A collection of moneys action is a non-core matter over which the Court may enter proposed findings of fact and conclusions of law. It is related to the administration of the bankruptcy case because any collected distributions will go towards funding the plan of reorganization and paying priority creditors.

Count 7

Count 7 seeks turnover of estate property under 11 U.S.C. § 542. A turnover proceeding is one to compel the debtor or a third party to deliver to the trustee property that belongs to the bankruptcy estate. In re Garcia, 507 B.R. 32, 42 (B.A.P. 1st Cir. 2014). The obligation of turnover applies only to "property that the trustee may use, sell, or lease under section 363 of this title." 11 U.S.C. § 542(a); Garcia, 507 B.R. at 43. "A turnover action can only be considered a core proceeding when the purpose of the proceeding is to obtain the turnover of property or the collection of a matured debt, rather than the creation, recognition, or liquidation of a debt. When a bona fide dispute exists as to liability involving state law, then the proceeding is not core." In re Latin Am. Roller Co., 412 B.R. 15, 22 (Bankr. D.P.R. 2009). Therefore, count 7 for turnover of

property is dependent on a determination that the unpaid distributions are property of the estate. At this juncture of the proceedings, the Court cannot dismiss count 7.

Count 8

The Court next turns to count 8 in the Debtor's amended complaint for attorney's fees and costs, which it classified as a non-core matter. The allowance of claims for attorneys' fees in bankruptcy generally is recognized as governed by state law. Travelers Cas. & Sur. Co. v. Pacific Gas & Elec. Co., 549 U.S. 443, 450-51 (2007). Under the "American Rule," attorneys' fees are typically recoverable only when permitted by statute or contract. Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 717 (1967). Puerto Rico Civil Procedure Rule 44 allows the imposition of attorneys' fees and costs at the trial and appeal stages of civil proceedings. Rule 44.1(d) provides that "[i]n the event any party or its lawyers has acted obstinately or frivolously, the court shall, in its judgment, impose on such person the payment of a sum for attorney's fees which the court decides corresponds to such conduct." Puerto Rico Laws. Ann. tit. 32 App. III, R. 44.1(d); Top Entertainment, Inc. v. Torrejon, 351 F.3d 531, 533 (1st Cir.2003); Vazquez-Filippetti v. Banco Popular de Puerto Rico, 409 F. Supp. 2d 94, 98 (D.P.R. 2006), aff'd, 504 F.3d 43 (1st Cir. 2007). Count 8 is dependent on whether the Defendants have acted obstinately or frivolously in defending the surviving counts throughout the proceedings. As such, count 8 may not be dismissed at this stage of the proceedings.

Abstention

The Defendants alternatively request that—should the Court not dismiss all counts—the Court permissively abstain from hearing all counts in the amended complaint. Section 1334(c)(1), on permissive abstention, provides:

-11-

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

Under the statute, three criteria exist for permissive abstention: "the interests of justice, comity and respect for State law. In re Middlesex Power Equip. & Marine, Inc., 292 F.3d 61, 69 (1st Cir. 2002). Additional factors include "'the extent to which state law issues predominate over bankruptcy issues;' 'the presence of a related proceeding commenced in state court or other nonbankruptcy court;' and 'the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties.'" Id., at 69 (citing Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.), 912 F.2d 1162, 1166–67 (9th Cir. 1990); see also In re Arnold Print Works, Inc., 815 F.2d 165, 171 (1st Cir. 1987)("[A] finding that a matter is a core proceeding weighs heavily in favor of a denial of abstention. . . [A]bstention would be totally unwarranted when there has been a determination that a proceeding is core")(Internal citations omitted).

Count 5(b):

In the first motion to dismiss, the Court had previously explained its reasoning for deeming Plaintiff's partnership action as non-core (Docket Nos. 41 and 75). The Court abstained from entertaining all counts in the original complaint (Docket No. 41). The Court then reconsidered its ruling solely to address the Debtor's section 541 declaratory action to determine whether the bankruptcy estate has an interest in the unpaid distributions (Docket No. 75). In its amended complaint, the Debtor included a legal action within its fifth count of the amended complaint to declare the Defendants' violation of fiduciary duties to the partnerships (i.e., count 5(b)).

-12-

First, the Court abstains from hearing the partnership dispute in count 5(b) because it is non-core and has no relation to or bearing to the administration of the case. The Debtor's action for declaratory judgment regarding Defendants' violation of fiduciary duties under the partnership agreements raises a cause of action under local law and is therefore not a core issue. Despite being grouped with the § 541 declaratory judgment action (count 5(a)), an action to declare the Defendant partners' violation of fiduciary duties does not arise in or under the Code. Rather, an action to declare the Defendant partners' violation of fiduciary duties stems purely under local law. See Laws of P.R. Ann. tit. 10 § 1341 et seq. & tit. 31 §§ 4311-4373. Resolving this non-core issue would require interpretation of statutes pertaining to the partnerships' governance. Different substantive issues concerning partnership governance are implicated, none of which relate to the administration of the bankruptcy case. It is uncertain to what extent the relief requested in this action would possibly rescind the civil-law partnership contracts, eject a partner, or dissolve the partnerships in which the Debtor holds participations with the Defendants. The Court has no practical guidance from local courts' interpretations of partnership statutes in rescinding the civil-law partnership contracts or in conferring remedies resulting from a partner's breach.[3] A partial

---

[3] The statutes which may regulate the Debtor and its partners' relationship state that "[t]he partial rescission of the articles of general and limited commercial civil-law partnerships shall be proper [. . .] (7) when one or more partners do not comply, in any manner whatsoever, with the obligations imposed in the articles of copartnership." Laws of P.R. Ann. tit. 10§ 1451. As to the effects of a partial rescission, the statute states:

> The partial rescission of the copartnership will produce the annulment of the articles in so far as the responsible partner is concerned, who shall be considered as excluded therefrom, requiring him to pay the amount of the loss which may correspond to him, should there be any, and the copartnership shall be authorized to retain, without allowing him to participate in the profits or giving him any indemnification, the funds he may have contributed to the common capital, until all the transactions pending at the time of the rescission have been concluded and liquidated.

Id. at § 1452.

rescission of the partnership articles or the ouster of a partner could alter the rights of third-party partners who do not appear as codefendants in the amended complaint.[4]

Second, the Debtor waited almost a decade to enforce fiduciary partnership claims against the Defendants until now. This weighs in favor of finding that the Debtor's intentions under this cause of action stem from forum preference considerations rather than to serve a bankruptcy purpose. Finally, there is no indication that a suit in state court could delay administration of the case. For this reason, this Court shall enter an order of abstention as to this count, pursuant to 28 U.S.C. § 1334(c)(1).

The Court declines to permissively abstain from hearing the surviving counts 1 through 5(a) and 7 through 8 because they are core and non-core claims which relate to the bankruptcy case. Should the Debtor prevail, the prosecution of these claims may yield a tangible effect on the administration of the case by providing the Debtor a means by which to fund its reorganization plan.

Conclusion

Based on the aforementioned reasons, the Court hereby denies Plaintiff's Motion to Strike the Second Motion to Dismiss (Docket No. 104). The Court grants the Second Motion to Dismiss or to Abstain in part and denies it in part (Docket No. 102). Accordingly, count 6 for fraudulent transfers is dismissed for failure to state a plausible claim for relief, pursuant to Fed. R. Civ. P. 12(b)(6). The Second Motion to Dismiss is hereby denied as to counts 1 through 5(a) and 7 through 8. However, with respect to counts 1 through 4 and count 8, the Court will submit to the District Court its proposed findings of fact and conclusions of law regarding these non-core claims because

---

[4] Case No. 16-08311; Docket No. 1, at 35-38. The Court may take judicial notice of its own docket. See LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.), 196 F.3d 1, 8 (1st Cir.1999)("The bankruptcy court appropriately took judicial notice of its own docket.").

-14-

Defendants did not consent to their final adjudication.[5] The Court will abstain from resolving the partnership fiduciary violation claim included in count 5(b), pursuant to 28 U.S.C. § 1334(c)(1).

IT IS SO ORDERED.

In San Juan Puerto Rico, this 28th day of December 2018.

/S/MILDRED CABAN FLORES
U.S. Bankruptcy Judge

---

[5] Docket No. 102, at 3.

-15-